McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18−CV−00775−KJM−CKD |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 7204 ALPINE FROST DRIVE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 117-1150-018-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7241 VANITA WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 051-0344-010-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7260 VANITA WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 051-0343-007-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7791 OTHEL WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 040-0154-025-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |

1

Stipulation to Stay Further Proceedings and Order

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | REAL PROPERTY LOCATED AT 7795 OTHEL WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 040-0154-024-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>    Defendants. |

The United States and Claimants Ya Jing Wang, Wen Jun Zeng, Xiuqin Lin and Ketong Cai, Gen Lin, Vantex Mortgage Fund, LLC, Bill Olin 401K, Hang Thuy Nguyen and Kevin Fang hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, <u>United States v. Leonard Yang, et al.</u>, Case 2:16-CR-00189-KJM and <u>United States v. Xiu Ping Li, et al.</u>, Case No. 2:17-CR-00136-KJM.

1. This is a forfeiture *in rem* action against five properties pursuant to 21 U.S.C. § 881(a)(7) because they were allegedly used to commit or facilitate violations of federal drug laws:

    a. Real Property located at 7204 Alpine Frost Drive, Sacramento, California, the "*Defendant Alpine Frost Drive.*" Ya Jing Wang has filed a claim asserting an ownership interest in defendant Alpine Frost Drive. Vantex Mortgage Fund, LLC filed a claim asserting a lienholder interest in defendant Alpine Frost Drive.

    b. Real Property located at 7241 Vanita Way, Sacramento, California, the "*Defendant 7241 Vanita Way.*" Wen Jun Zeng has filed a claim asserting an ownership interest in defendant 7241 Vanita Way. Bill Olin 401K filed a claim asserting a lienholder interest in defendant 7241 Vanita Way.

    c. Real Property located at 7260 Vanita Way, Sacramento, California, the "*Defendant 7260 Vanita Way.*" Xiuqin Lin and Ketong Cai have filed claims asserting an ownership interest in defendant 7260 Vanita Way.

    d. Real Property located at 7791 Othel Way, Sacramento, California, the "*Defendant 7791 Othel Way.*" Gen Lin has filed a claim asserting an ownership interest in defendant 7791 Othel Way. Hang Thuy Nguyen filed a claim asserting a lienholder interest in defendant 7791 Othel Way.

    e. Real Property located at 7795 Othel Way, Sacramento, California, the "*Defendant 7795 Othel Way.*" Gen Lin has filed a claim asserting an ownership interest in defendant 7795 Othel Way. Kevin Fang filed a claim asserting a lienholder interest in defendant 7795 Othel Way.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants

deny these allegations.

3. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Department of Homeland Security, Homeland Security Investigations ("HSI"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6. If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

///

///

| | | |
|---|---|---|
| Dated: 8/1/2018 | | McGREGOR W. SCOTT<br>United States Attorney |
| | By: | /s/ Kevin C. Khasigian<br>KEVIN C. KHASIGIAN<br>Assistant U.S. Attorney |
| Dated: 7/31/2018 | | /s/ Salvadore Giambona<br>SALVADORE GIAMBONA<br>Attorney for Claimant Ya Jing Wang |
| Dated: 7/30/2018 | | /s/ Dennis H. Doss<br>DENNIS H. DOSS<br>Attorney for Claimant Vantex Mortgage Fund, LLC |
| Dated: 7/31/2018 | | /s/ Samuel D. Berns<br>SAMUEL D. BERNS<br>Attorney for Claimant Wen Jun Zeng |
| Dated: 7/27/2018 | | /s/ Bill Olin<br>BILL OLIN<br>Claimant/Lienholder, In *Propria Persona* |
| Dated: 7/30/2018 | | /s/ Theodore Slater<br>THEODORE SLATER<br>Attorney for Claimant Gen Lin |
| Dated: 7/30/2018 | | /s/ Robert J. Saria<br>ROBERT J. SARIA<br>Attorney for Claimants Xiuqin Lin & Ketong Cai |
| Dated: 7/30/2018 | | /s/ Simon Aron<br>SIMON ARON<br>Attorney for Claimant Hang Thuy Nguyen |
| Dated: 8/1/2018 | | /s/ Anh Van Nguyen<br>ANH VAN NGUYEN<br>Attorney for Claimant Kevin Fang |

///

4

**ORDER**

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED: August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE